1  KNUT S. JOHNSON (CSB 125725)
   LAW OFFICE OF KNUT S. JOHNSON
2  1010 Second Avenue, Suite 1850
   San Diego, California 92101
3  (619) 232-7080 (Phone)
   (619) 232-7324 (Fax)
4
5  Attorney for JOSE LUIS LOPEZ-LOPEZ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES, | CASE NO. 07 cr 3346-H |
|---|---|
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS:** |
| vs. | **(1) FOR DISCOVERY;** |
| JOSE LUIS LOPEZ-LOPEZ, | **(2) TO FILE FURTHER MOTIONS.** |
| Defendant. | **Time: 2:00 p.m.**<br>**Date: January 28, 2008** |

**I.**

**FACTS**

The government has indicted Mr. Lopez-Lopez being a deported alien found in the U.S. in violation of 8 USC § 1326.

**II.**

**MR. LOPEZ-LOPEZ IS ENTITLED TO DISCOVERY**

This motion is not limited to those items that the prosecutor knows of, but rather includes all discovery that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies", under United States v. Bryan, 868 F.2d 1032, 1036 (9th Cir. 1989). Counsel for Mr. Lopez-Lopez believes that numerous agencies have been involved in the investigation of this case. Mr. Lopez-Lopez therefore moves for discovery of the following:

(1)     **Mr. Lopez-Lopez's Statements**. Under Fed. R. Crim. P. 16 (a)(1)(A) the defendant is entitled to disclosure of: all copies of any written or recorded

- 1 -

\-                                                                                                07 cr 3346-H

1  statements made by the defendant; the substance of any statements made by the
2  defendant that the government intends to offer in evidence at trial; any recorded
3  testimony of the defendant before the grand jury; any response by the defendant
4  to interrogation; the substance of any oral statements that the government
5  intends to introduce at trial; any written summaries of the defendant's oral
6  statements contained in the handwritten notes of the government agent; any
7  response to any Miranda warnings that were given to the defendant (See <u>United
8  States v. McElroy,</u> 697 F.2d 459 (2d Cir. 1982)); and any other statements by the
9  defendant that are discoverable under Fed. R. Crim. P.16(a)(1)(A).  The
10 Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it
11 clear that the Government must reveal all the defendant's statements, whether
12 oral or written, regardless of whether the Government intends to introduce
13 those statements at trial;
14         (2)    **Reports of Scientific Tests or Examinations.**  Pursuant to Fed. R.
15 Crim. P.16(a)(1)(D), Mr. Lopez-Lopez requests the reports of all tests and
16 examinations conducted upon any evidence in this case.  This request includes
17 any financial or other data that has been examined, or tabulated, or otherwise
18 tested;
19         (3)    **Brady Material.**  Mr. Lopez-Lopez requests all documents,
20 statements, agents' reports, and tangible evidence favorable to the defendant on
21 the issue of guilt and/or which affects the credibility of the government's case.
22 <u>Brady v. Maryland</u>, 373 U.S. § 83 (1963).  Impeachment as well as exculpatory
23 evidence falls within Brady's definition of evidence favorable to the accused.
24 <u>United States v. Bagley,</u> 473 U.S. 667 (1985); <u>United States v. Agurs,</u> 427 U.S. 97
25 (1976).
26         (4)    **Any Information that May Result in a Lower Sentence under the
27 United States Sentencing Guidelines (U.S.S.G.).**  As discussed above, this
28 information is discoverable under <u>Brady v. Maryland,</u> 373 U.S. 83 (1963).  This

1  request includes any information that could affect any base offense level or
2  specific offense characteristic under Chapter Two of the U.S.S.G.  Also included
3  in this request is any information relevant to a Chapter Three adjustment, a
4  determination of the defendant's criminal history, or any other application of the
5  U.S.S.G.;

6      (5)    **The Defendant's Prior Record.**  Evidence of prior record is
7  available under Fed. R. Crim. P.16(a)(1)(B);

8      (6)    **Any Proposed 404(b) Evidence.**  Evidence of prior similar acts is
9  discoverable under Fed. R. Crim. P.16(a)(1)(C) and Fed. R. Evid. 404(b) and 609.
10  In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the
11  prosecution . . . shall provide reasonable notice in advance of trial . . . of the
12  general nature . . ." of any evidence the government proposes to introduce under
13  Fed. R. Evid. 404(b) at trial.  Mr. Lopez-Lopez requests that such notice be given
14  eight weeks before trial in order to give the defense time to adequately
15  investigate and prepare for trial;

16      (7)    **Evidence Seized.**  Evidence seized as a result of any search, either
17  warrantless or with a warrant, is discoverable under Fed. R. Crim. P.16(a)(1)(C);

18      (8)    **Request for Preservation of Evidence.**  Mr. Lopez-Lopez
19  specifically requests <u>again</u> that any physical evidence that may be destroyed,
20  lost, or otherwise put out of the possession, custody, or care of the government
21  and which relates to the prosecution in this case be preserved.  This request
22  includes, but is not limited to, any "dispatch" or other tapes, samples used to run
23  any scientific tests, and any evidence seized from any third party.  It is
24  requested that the government be ordered to question all the agencies and
25  individuals involved in the prosecution and investigation of this case to
26  determine if such evidence exists, including disputed tapes, and if it does exist,
27  to inform those parties to preserve any such evidence;
28

(9) **Tangible Objects.** Mr. Lopez-Lopez requests, under Fed. R. Crim. P. 16(a)(2)(C), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs, of building or places or copies of portions thereof that are material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to the defendant. Under United States v. Unruh, 855 F.2d 1363, 1375-76 (9th Cir. 1978), the government may, under some circumstances, attempt to introduce evidence of banking regulations to establish a defendant's motive and intent. Under Fed. R. Crim. P. 16(a)(2)(C), the defense is therefore entitled to a written copy of all such banking or other regulations or law the government intends to introduce at trial to prove motive or intent;

(10) **Evidence of Bias or Motive to Lie.** Mr. Lopez-Lopez requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988). Such evidence can include prior statements, business dealings, or actions;

(11) **Impeachment Evidence.** Mr. Lopez-Lopez requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under Brady v. Maryland, supra. See, United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility);

(12) **Evidence of Criminal Investigation of Any Government Witness.** Mr. Lopez-Lopez requests any evidence that any prospective witness is under

1  investigation by federal, state or local authorities for any criminal conduct.
2  United States v. Chitty, 760 F.2d 425 (2d Cir.) cert. denied, 474 U.S. 945 (1985);

3       (13)  **Evidence Affecting Perception, Recollection, Ability to**
4  **Communicate, or Truth Telling.**  Mr. Lopez-Lopez requests any evidence,
5  including any medical or psychiatric report or evaluation, tending to show that
6  any prospective witness' ability to perceive, remember, communicate, or tell the
7  truth is impaired.  Mr. Lopez-Lopez also requests any evidence that a witness
8  has ever used narcotics or other controlled substance, or has ever been an
9  alcoholic.  United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North
10 Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

11      (14)  **Witness Addresses.**  Mr. Lopez-Lopez requests the name and last
12 known address of each prospective government witness.  See United States v.
13 Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th
14 Cir. 1983) (failure to interview government witnesses by counsel is ineffective);
15 United States v. Cook, 608 F.2d 1175,1181 (9th Cir. 1979) (defense has equal right
16 to talk to witnesses).  Mr. Lopez-Lopez also requests the name and last known
17 address of every witness to the crime or crimes charged (or any of the overt acts
18 committed in furtherance thereof) who will not be called as a government
19 witness.  United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984);

20      (15)  **Name of Witnesses Favorable to the Defendant.**  Mr. Lopez-Lopez
21 requests the name of any witness who made an arguably favorable statement
22 concerning the defendant or who could not identify him or who was unsure of
23 his identity, or participation in the crime charged.  Jackson v. Wainwright, 390
24 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir.
25 1980); Jones v. Jago, 575 F.2d 1164,1168 (6th Cir.), cert. denied, 439 U.S. 883
26 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S.
27 1086 (1980);
28

1     (16) **Statements Relevant to the Defense.** Mr. Lopez-Lopez requests
2 disclosure of any statement that may be "relevant to any possible defense or
3 contention" that he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th
4 Cir. 1982);

5     (17) **Jencks Act Material.** Although this Court has ordered the
6 production of all statements that are discoverable pursuant to the Jencks Act,
7 Mr. Lopez-Lopez asserts that a verbal acknowledgment that "rough" notes
8 constitute an accurate account of the witness' interview is sufficient for the
9 report or notes to qualify as a statement under §3500(e)(1). Campbell v. United
10 States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th
11 Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes
12 with the subject of the interview the notes are then subject to the Jencks Act. The
13 defense requests pre-trial production of all Jencks material to expedite
14 cross-examination and to avoid lengthy recesses during trial;

15     (18) **Giglio Information.** Pursuant to Giglio v. United States, 405 U.S.
16 150 (1972), Mr. Lopez-Lopez requests all statements and/or promises, express or
17 implied, made to any government witnesses, in exchange for their testimony or
18 other assistance in this case, and all other information that could arguably be
19 used for the impeachment of any government witnesses;

20     (19) **Personnel Records of Government Officers.** Mr. Lopez-Lopez
21 requests all citizen complaints and other related internal affairs documents
22 involving any of the law enforcement officers who were involved in the
23 investigation of him, pursuant to Pitchess v. Superior Court, 11 Cal. 3d 531, 539
24 (1974). Because of the sensitive nature of these documents, defense counsel will
25 not be able to procure them from any other source;

26     (20) **Government Examination of Law Enforcement Personnel Files.**
27 Mr. Lopez-Lopez requests that the government examine the personnel files and
28 any other files within its custody, care or control, or which could be obtained by

the government, for all testifying witnesses, including testifying officers.  Mr. Lopez-Lopez requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).  The obligation to examine files arises by virtue of the defense making a demand for their review: The Ninth Circuit in Henthorn remanded for in camera review of the agents' files because the government failed to examine the files of agents who testified at trial.  This Court should therefore order the government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory prior to trial;

21. **Notice and a Written Summary of Any Expert Testimony**

Under Rule 16(a)(1)(E), "[a]t the defendant's request, the government shall disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial.  This summary must describe the witness' opinions, the basis and the reasons therefore, and the witness' qualifications."  Mr. Lopez-Lopez specifically requests the government give them a written summary and notice of any expert testimony that the government intends to introduce.  This request includes any government agent who will testify to any opinion.

### III.
### THIS COURT SHOULD HOLD A FURTHER MOTIONS HEARING

Counsel for Mr. Lopez-Lopez has had to file motions in this case without the benefit of full discovery.  Thus, this Court should set this case for an additional motions hearing after the government provides discovery.

# IV.
# <u>CONCLUSION</u>

For the foregoing reasons, this Court should grant the above motions.

Dated: January 24, 2008                    Respectfully submitted,


                              /S/ Knut S. Johnson
                         **Knut S. Johnson, Esq. for**
                              **Mr. Lopez-Lopez**