KNUT S. JOHNSON (CSB 125725)
LAW OFFICE OF KNUT S. JOHNSON
1010 Second Avenue, Suite 1850
San Diego, California 92101
(619) 232-7080 (Phone)
(619) 232-7324 (Fax)

Attorney for JOSE LUIS LOPEZ-LOPEZ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES,<br><br>  Plaintiff,<br><br>vs.<br><br>JOSE LUIS LOPEZ-LOPEZ,<br><br>  Defendant. | CASE NO. 07 cr 3346-H<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL GOVERNMENT TO REOFFER 48 MONTHS**<br><br>**Time: 2:00 p.m.**<br>**Date: April 28, 2008** |
|---|---|

## I.

## FACTS

The government has indicted Mr. Lopez-Lopez being a deported alien found in the U.S. in violation of 8 USC § 1326.

Before he was indicted, the government offered Mr. Lopez-Lopez a 48 month deal, which he accepted. On November 20, 2007 Mr. Lopez-Lopez waived indictment. (11/20/07 RT [Ex. A hereto], 5:1.] However, on December 11, 2007, the date set for the plea in the case, Mr. Lopez-Lopez's counsel stated as follows:

> I did want to let the Court know that originally we did need some more time to resolve some issues in Mr. Lopez's case and he's indicated to me this morning that <u>he was wanting to plead guilty</u> and <u>I keep wavering</u>, but we do need some additional time and I think that the best thing is to do just - - I was told we just set some dates in front of the assigned district court judge. (12/11/07 RT [Ex. B hereto], 2: 2-8.)

- 1 -

- 07 cr 3346-H

1  Previous counsel for Mr. Lopez-Lopez then advised the U.S. Magistrate
2  Judge that "we may be able to resolve this case" but neither he, the Court, or the
3  Assistant U.S. Attorney ever noted that Mr. Lopez-Lopez would lose the 48
4  month offer if he did not plead that date.  (12/11/07 RT, 3: 15-17.)  On the next
5  day the government indicted Mr. Lopez-Lopez and revoked the 48 month offer.
6  On January 3, 2008 prior counsel conflicted off this case and present counsel was
7  appointed.
8  Upon receipt of prior counsel's file, present counsel discovered the 48
9  month plea agreement signed by Mr. Lopez-Lopez.  (Ex. C hereto.)  Also in that
10 file was a fax memo dated November 19, 2007 from prior counsel to the
11 government stating that Mr. Lopez-Lopez accepted the 48 month offer but that
12 prior counsel "will continue to try and convince you to a lesser term due to
13 possible equities in my client's behalf and I will endeavor to send you a letter
14 with as much information as possible on behalf of Mr. Lopez."  (Ex. D hereto.)
15 Previous counsel's file does not contain the promised letter.
16 Mr. Lopez-Lopez now moves this Court for an order allowing Mr. Lopez-
17 Lopez to accept the previous offer.

## II.

## **THIS COURT SHOULD ORDER THAT MR. LOPEZ-LOPEZ "BE PUT BACK IN THE POSITION HE WOULD HAVE BEEN IN IF THE SIXTH AMENDMENT VIOLATION HAD NOT OCCURRED"**

23 It is clear from the transcript of the hearings and previous counsel's file
24 that Mr. Lopez-Lopez accepted a 48 month offer but that prior counsel thought
25 that Mr. Lopez-Lopez should get a better deal.  Instead, however, previous
26 counsel got Mr. Lopez-Lopez a worse deal.  The net result is that Defendant was
27 denied his Sixth Amendment right to the effective assistance of counsel during
28

1  the very critical stage of the proceedings were an informed decision regarding
2  the government's plea offer had to be made.

3  The Ninth Circuit, in <u>United States v. Blaylock</u>, 20 F.3d 1458 (9th Cir. 1994),
4  held that the failure by counsel to communicate a plea agreement offer to a
5  defendant constitutes ineffective assistance of counsel. One of the cases cited in
6  <u>Blaylock</u>, <u>Turner v. Tennessee,</u> took this theory one step further in it's
7  application. <u>Turner v. Tennessee</u>, 858 F.2d 1201 (6th Cir. 1988), *vacated on other*
8  *grounds*, 492 U.S. 902 (1989), *reinstated*, 726 F.Supp. 1113 (M.D. Tenn. 1989), *aff'd*,
9  940 F.2d 1000 (6th Cir. 1991), *cert denied*, ----U.S. ---, 112 S.Ct. 915 (1992). The
10 Court in <u>Turner</u> found that even though the defendant **was informed** of the
11 government's offer, the way in which the defendant was informed was
12 ineffective. See also, <u>United States v. Rivera-Sanchez</u>, 222 F.3d 1057 (9th Cir.
13 2000) (where court found that the "way" in which the defendant was informed
14 by counsel of the government's offer was indeed proper); and, <u>United States v.
15 Carter</u>, 130 F.3d 1432, 1441-42 (10th Cir. 1997)(court noted "way" counsel
16 informed defendant did not reflect ineffective advise).

17  The Ninth Circuit in <u>Blaylock</u> analyzed <u>Turner</u> stating;

18  [the Court in <u>Turner</u>] Held that an attorney's incompetent advise resulting
19  in the defendant's rejection of a plea offer constituted ineffective
20  assistance of counsel. [citation omitted] If an attorney's incompetent
    advise regarding a plea bargain falls below a reasonable standards of
21  professional conduct, a fortiori, failure even to inform defendant of the
22  plea offer does so as well.

23  <u>Blaylock</u> at 1465-66.

24  In <u>United States v. Day</u>, 285 F.3d 1167 (9th Cir. 2002) the 9th Circuit
25  considered the issue of whether – "defense counsel's erroneous advice deprived
26  defendant of an opportunity to intelligently consider his plea offer and to make
27  an informed decision about it, and thus, resulted in 'prejudice' to defendant, as
28

- 3 -

- 07 cr 3346-H

required to establish an ineffective assistance of counsel claim." Day, 1167. Counsel in Day, unlike that in Blaylock, actually informed Day about the government's offer, but did so ineffectively. Day at 1169.

In Day the court also noted that:

> An attorney's incompetent advice resulting in a defendant's rejection of a plea offer can constitute ineffective assistance of counsel. *See United States v. Blaylock, 20 F.3d 1458, 1465-66 (9th Cir.1994)*. In *Blaylock,* the defendant's attorney failed to inform him of a plea offer made by the prosecutor, and the defendant went to trial. "[A]lthough **Blaylock** ... received a fair trial, he is not precluded from showing prejudice." *Id.* at 1466. The court found that **Blaylock** was prejudiced by his counsel's incompetence because the trial court would have been willing to grant **Blaylock** a reduction for acceptance of responsibility if he had accepted a plea offer prior to trial, but that the court refused to do so after trial. *See id.* at 1467.

Day at 1172. The court in Day felt it necessary to note –"Blaylock is controlling on the prejudice question, because Day also contested factual guilt at trial." Day at 1172.

Indeed, the court in Day specifically noted:

> Because Day contested this charge, there was similarly [as in Blaylock] no basis for awarding acceptance of responsibility after trial. Like **Blaylock,** who was never informed of the plea offer and **therefore was deprived of his right to take advantage of it, Day never had the opportunity to consider intelligently his plea offer and to make an informed decision about it**. Day's higher sentence after trial similarly resulted from the very fact of a trial itself, a fact that was brought about by [counsel's] erroneous advice. There is no guarantee that Day would have received a reduction for acceptance of responsibility after trial *even if* he had

- 4 -

- 07 cr 3346-H

testified truthfully.

Day at 1172, (emphasis added).

The remedy for counsel's ineffective assistance is to "put the defendant back in the position he would have been in if the Sixth Amendment violation had not occurred." *Blaylock*, 20 F.3d at 1468.  Thus, the appropriate remedy is to direct the government to reinstate its original plea offer. See *Id.* at 1468-69. Accord, *Turner v. Tennessee*, 858 F.2d 1201, 1208 (6th Cir.1988), *vacated on other grounds*, 492 U.S. 902 (1989), *reinstated*, 726 F.Supp. 1113, *aff'd*, 940 F.2d 1000, *cert. denied*, 502 U.S. 1050 (1992) ("the only way to neutralize the constitutional deprivation suffered by Turner," was to allow defendant to consider the state's prior plea offer with the effective assistance of counsel).

It is clear from the Exhibits proffered as well as the conduct of the defendant that the defendant had accepted the 48 month plea offer or would have accepted the offer with conflict free counsel.  The conditions set forth in the plea offer were substantially met before previous counsel unilaterally refused to go forward with the plea as scheduled.  The defendant signed the plea agreement, waived indictment, and was arraigned on the information.  In addition, his attorney noted that he wanted to plead on the date set.  All these actions on his part indicate an acceptance of the plea offer.

This Court has the authority to put Mr. Lopez-Lopez back into the same position he was before his attorney unilaterally decided not to plead Mr. Lopez-Lopez.  Thus, he asks this Court for that relief.

## III.
## CONCLUSION

For the foregoing reasons, this Court should grant the above motion.

Dated: April 15, 2008					Respectfully submitted,

- 5 -

- 07 cr 3346-H

1
2                                          /S/ Knut S. Johnson
3                                   **Knut S. Johnson, Esq. for**
4                                        **Mr. Lopez-Lopez**
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28